263 F.Supp. 340 (1966)
UNITED STATES of America, Plaintiff,
v.
MERCANTILE TRUST COMPANY NATIONAL ASSOCIATION and Security Trust Company, Defendants, and
Comptroller of the Currency, James J. Saxon, Intervening Defendant.
No. 65 C 241(1).
United States District Court E. D. Missouri, E. D.
December 19, 1966.
*341 Richard D. FitzGibbon, Jr., U. S. Atty., St. Louis, Mo., Nicholas deB. Katzenbach, Atty. Gen., Donald F. Melcior, Atty., Dept. of Justice, Lawrence F. Noble, Atty., Antitrust Div., Dept. of Justice, Washington, D. C., for plaintiff.
Joseph J. O'Malley, Associate Chief Counsel, Office of Comptroller of Currency, Washington, D. C., for intervenor.
Wm. H. Armstrong, Wm. H. Webster, James M. Douglas, William G. Guerri, Thompson, Mitchell, Douglas & Neill, St. Louis, Mo., for defendants.

MEMORANDUM AND ORDER
HARPER, Chief Judge.
This matter is before the court on motion to dismiss filed by the defendant, Mercantile Trust Company National Association, and the defendant, Security Trust Company (hereinafter referred to as Banks), and motion to dismiss filed by the intervening defendant, Comptroller of the Currency (hereinafter referred to as Comptroller). The basis for both motions is failure to state a cause of action, and they were submitted to the court after oral arguments and the filing of briefs.
The Justice Department began this action to enjoin a proposed merger of the defendant Banks. The proposed merger had been approved by the Comptroller.
The complaint alleged that the proposed merger would violate Section 1 of the Sherman Act (15 U.S.C.A. § 1) and Section 7 of the Clayton Act (15 U.S. C.A. § 18), and at the same time a motion for a preliminary injunction was filed.
The Comptroller intervened and filed an answer and the defendant Banks answered. All defendants opposed the granting of the preliminary injunction. After a hearing this court denied a preliminary injunction, and the Banks thereafter completed the proposed merger.
On February 21, 1966, while the parties were pursuing discovery, the Bank Merger Act Amendment of 1966 (Public Law 89-356, 80 Stat. 7, hereinafter referred to as BMA-66) became law.
On September 13, 1966, the Comptroller reapproved the merger and, in so doing, stated that his reconsideration was for the purpose of complying with the standards of BMA-66.
The plaintiff has not amended its complaint since it was filed. The issue before the court is whether the complaint states a claim for relief against the defendant Banks in view of the passage of BMA-66. The pertinent parts of BMA-66 for the purpose of these motions are as follows:
"(a) section 18(c) of the Federal Deposit Insurance Act (12 U.S.C. 1828 (c)) is amended to read:
* * * * * *
"(c) (5) The responsible agency shall not approve
"(A) any proposed merger transaction which would result in a monopoly, or which would be in furtherance of any combination or conspiracy to monopolize or to attempt to monopolize the business of banking in any part of the United States, or
"(B) any other proposed merger transaction whose effect in any section of the country may be substantially to lessen competition, or to tend to create a monopoly, or which in any other manner would be in restraint of trade, unless it finds that the anticompetitive effects of the proposed transaction are clearly outweighed in the public interest by the probable effect of the transaction in meeting the convenience and needs of the community to be served.
"In every case, the responsible agency shall take into consideration the financial and managerial resources and future prospects of the existing and proposed *342 institutions, and the convenience and needs of the community to be served.
* * * * * *
"(7) (A) Any action brought under the antitrust laws arising out of a merger transaction shall be commenced prior to the earliest time under paragraph (6) at which a merger transaction approved under paragraph (5) might be consummated. The commencement of such an action shall stay the effectiveness of the agency's approval unless the court shall otherwise specifically order. In any such action, the court shall review de novo the issues presented.
"(B) In any judicial proceeding attacking a merger transaction approved under paragraph (5) on the ground that the merger transaction alone and of itself constituted a violation of any antitrust laws other than section 2 of the Act of July 2, 1890 (section 2 of the Sherman Anti-trust Act, 15 U.S.C. 2), the standards applied by the court shall be identical with those that the banking agencies are directed to apply under paragraph (5)."
Section 2(c) of the Bank Merger Act Amendment provides:
"(c) Any court having pending before it on or after the date of enactment of this Act any litigation initiated under the antitrust laws by the Attorney General after June 16, 1963, with respect to the merger, consolidation, acquisition of assets, or assumption of liabilities of an insured bank consummated after June 16, 1963, shall apply the substantive rule of law set forth in section 18(c) (5) of the Federal Deposit Insurance Act, as amended by this Act."
The defendant Banks and the Comptroller admit the plaintiff's complaint when filed stated a cause of action, but contend that since the passage of BMA-66 the plaintiff must amend its complaint to conform to the standards of BMA-66.
The plaintiff takes the position that the Sherman and Clayton Acts are still the only statutes applicable to this suit and that BMA-66 only has an effect upon the Comptroller. The stated purpose of BMA-66 reads:
"An act to establish a procedure for the review of proposed bank mergers so as to eliminate the necessity for the dissolution of merged banks, and for other purposes."
The stated purpose of BMA-66, the text of the act itself, and the legislative history of the act (see U.S.Code and Congressional & Administrative News 1966, beginning at page 1860), all clearly show that the standards set forth in Section 18(c) (5) of the Federal Deposit Insurance Act (12 U.S.C.A. § 1828(c) (5), as amended by BMA-66), are the standards to be applied by the courts.
Since this court can take judicial notice of a Federal statute, we will not dismiss the complaint merely because it cites the wrong statute.
Under modern notice pleading all that the complaint is required to do is to give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80. A complaint should not be dismissed for insufficiency unless it appears to a certainty that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Id., page 45, 78 S.Ct. 99, and see also Moore's Federal Practice, Vol. 2, § 12.08, p. 2245. In other words, a motion to dismiss will not be granted if the complaint states a claim for which relief can be granted under any legal theory. In determining the sufficiency of a complaint, material facts, but not unsupported conclusions of the pleader, are considered in the light most favorable to the plaintiff.
If everything in the plaintiff's complaint is taken as true and looked upon in the light most favorable to the plaintiff, can it be said that the plaintiff has sufficiently alleged a violation of BMA-66, thereby giving the defendants fair *343 notice of what the plaintiff's claim is and the grounds upon which it rests? To answer this question we must determine what the nature of an action under BMA-66 is, that is, what grounds constitute a violation thereof.
The language of BMA-66 is clear and unambiguous. In plain language, section 18(c) (5) (B) states, in part, that a proposed merger shall not be approved whose effect is in restraint of trade unless it finds that the anti-competitive effects are outweighed in the public interest by the probable effects of the transaction in meeting the convenience and needs of the community to be served. Section 2(c) specifically requires this court to apply the standards of section 18(c) (5) as amended by BMA-66.
This court will not dismiss a complaint merely because it states the wrong legal theory when the allegations are sustainable under another legal theory, nor will this court require the plaintiff to plead in detail the facts constituting its grounds for relief. However, the most liberal interpretation of the rules of pleading require as an absolute minimum that the plaintiff at least state his grounds for relief and have not gone so far as to permit a pleading to stand which does not even allege a violation of any applicable law or duty.
The complaint does not allege a monopoly, but alleges that the merger may substantially lessen competition and tend to create a monopoly in violation of Section 7 of the Clayton Act. Thus, the complaint only states part of a claim against the defendants required under BMA-66, in that it does not allege a monopoly, nor that the anticompetitive effects of the merger are not outweighed in the public interest by the probable effects of the transaction in meeting the convenience and needs of the community. The plaintiff's complaint does not meet the absolute basic minimum standards of notice pleading, in that it has not alleged a violation of BMA-66, the act that applies to all bank mergers, nor has it alleged sufficient facts to support such violation.
The separate motion of defendant Banks and the separate motion of intervening defendant to dismiss are each sustained. Plaintiff is granted twenty (20) days within which to file an amended complaint, and failing to file said amended complaint this cause will be dismissed.