**UNITED STATES of America,**
**Plaintiff,**

v.

**PROVIDENT NATIONAL BANK, and**
**Central-Penn National Bank of**
**Philadelphia, Defendants,**

**and**

**James J. Saxon, Comptroller of the Currency, Intervenor.**

**Civ. A. No. 40032.**

United States District Court
E. D. Pennsylvania.

Dec. 29, 1966.

Judgment Reversed March 27, 1967.

See also D.C., 41 F.R.D. 209.

John W. Neville, Julius J. Hollis, Joseph L. Dwyer, Dept. of Justice, Washington, D. C., Donald G. Balthis, Dept. of Justice, Drew J. T. O'Keefe, U. S. Atty., Philadelphia, Pa., for plaintiff.

Frederic L. Ballard, Charles I. Thompson, Jr., Tyson W. Coughlin, Matthew M. Strickler, Richard C. Bull, Philadelphia, Pa., Ballard, Spahr, Andrews & Ingersoll, White & Williams, Philadelphia, Pa., of counsel, for defendants.

Philip L. Roache, Jr., Joseph J. O'Malley, Charles H. McEnerney, Eugene J. Metzger, Washington, D. C., for intervenor.

## OPINION AND ORDER

CLARY, Chief Judge.

This is an action by the United States Government, filed by the Department of Justice (hereinafter referred to as Justice), to enjoin a merger of the Provident National Bank and Central-Penn National Bank of Philadelphia. The complaint was filed on April 1, 1966, the banks answered on April 5, 1966, and the following day the Comptroller of the Currency intervened as a party. Motions to dismiss were filed by the defendants and intervenor, and on October 13, 1966 an Opinion was filed, 259 F.Supp. 373 (Docket Paper #34), together with an Order denying the motions. The basis of the Opinion was that, although this action was solely within the ambit of the Bank Merger Act of 1966 (hereinafter referred

to as BMA–66'), under principles of notice pleading, it was not necessary to specifically plead the BMA–66. Thus, the complaint of Justice filed under Section 7 of the Clayton Act was held valid.

However, in United States v. Mercantile Trust Company National Association et al., Civil Action No. 65C 241(1), 263 F.Supp. 340 (Eastern District of Missouri Eastern Division, December 19, 1966), Chief Judge Roy Harper held, on pleadings which are completely similar to the instant case, the following:

"The complaint does not allege a monopoly, but alleges that the merger may substantially lessen competition and tend to create a monopoly in violation of Section 7 of the Clayton Act. Thus, the complaint only states part of a claim against the defendants required under BMA–66, in that it does not allege a monopoly, nor that the anticompetitive effects of the merger are not outweighed in the public interest by the probable effects of the transaction in meeting the convenience and needs of the community. The plaintiff's complaint does not meet the absolute basic minimum standards of notice pleading, in that it has not alleged a violation of BMA–66, the act that applies to all bank mergers, nor has it alleged sufficient facts to support such violation."

Judge Harper dismissed the case with privilege to amend within twenty days. In the instant case, with the pleadings complete, the Government has taken an adamant position as hereinafter discussed.

After the Opinion of October 13, 1966 denying the motions to dismiss was filed, further pre-trial proceedings were had, and the Court ordered each side to submit an Identification of Witnesses, Summary of Evidence, and Statement of Position. This the Department of Justice did on November 30, 1966 (Docket Paper #44). In this document Justice stated unequivocally that it intended to prove a violation of Section 7 of the Clayton Act only, without any reference to BMA–66, contending that this was an action under Section 7, and that it was entitled to a determination of the issues on that sole basis. The ruling of this Court was exactly to the contrary.

The defendant banks, upon being served with plaintiff's Identification of Witnesses, Summary of Evidence, and Statement of Position on December 2, 1966, filed a Motion for Final Judgment (Docket Paper #45) with exhibits in support thereof. The Comptroller intervenor filed a Motion for Final Judgment (Docket Paper #46) on December 6, 1966. Thereafter, on December 12, 1966, a conference was held in chambers at which the subject was discussed in depth, a transcript of which hearing is part of the record of this case, and the Court took the matter under consideration. It is these two Motions for Final Judgment which are presently before the Court for disposition.

To date no one has denied the fact that Provident, in the four-county market area designated by the Opinion of the Supreme Court in United States v. Philadelphia National Bank, 374 U.S. 321, 371, 83 S.Ct. 1715, 10 L.Ed.2d 915 (1963)[1], controls a definite percentage of the total assets, of the total loans, of the total IPC deposits, and of the total banking offices. Likewise, no one has denied that Central-Penn controls a definite percentage of the total assets, of the total loans, of total IPC deposits, and of the total banking offices doing business in the four-county area. In other words, no one has denied that there will be a concentration of the total of these two percentages of the total assets, of the total loans, of total IPC deposits, and of the total banking offices in the four-county area in the new bank if merged as permitted by the Comptroller of the Currency. Justice says in its Statement of Position that it will prove this and no more. Paying lip service to the ruling

---

1. Despite the finding of the District Court that the two banks involved in that case were realistically in competition with banks of other states, the Supreme Court limited its consideration of the case to a four-county area.

of this Court of October 13, 1966, it contends that BMA–66 may have some relevancy, but that this Court is without power to consider in any way the finding of the Comptroller that this merger meets the specifications and qualifications of BMA–66.

This Court has thus been asked by the Government to rule that the banks and Comptroller must present evidence with respect to the merger de novo as if it were being done for the first time; come to its own conclusions independently of the Comptroller and "free of presumptions traceable to anyone" [2] in determining the validity of this merger. The expertise, know-how, direct findings, and conclusions of the Comptroller, the Government contends, are of absolutely no probative value in this Court. In other words, the Government contends that this Court must make an independent decision as to whether the public interest in the merger outweighs any anticompetitive effects. This contention, if considered again, would raise the constitutional question of separation of powers.

> "If the function performed by an agency is 'administrative' or 'legislative' and if a federal court is required to do all over again what the agency has done, the system of review violates Article III of the Constitution." Davis, Administrative Law Treatise, 1958, Vol. 4, p. 180, § 29.10.

See also the Opinion of Judge Pope in United States v. Crocker-Anglo National Bank et al., Civil Action No. 41,808, 263 F.Supp. 125 (District of California, Southern Division, October 6, 1966).

The Court, therefore, finds that since Justice has definitely refused to try its case under BMA–66, the banks should not be subjected to the expense and inconvenience of a trial when Justice refuses to prove other than admitted facts to establish its case. Its position has been taken deliberately and directly in opposition to the ruling of the Court of October 13, 1966 and is consistent with the position of the Government on a na-

tionwide basis, even though the Courts have been unanimous in refusing to accept its contention. United States v. Mercantile Trust Company National Association et al., No. 65C 241(1), 263 F. Supp. 340 (District of Missouri, Eastern Division, December 19, 1966); United States v. First City National Bank of Houston et al., Civil Action No. 66–H–695, (Southern District of Texas, Houston Division, December 2, 1966); United States v. First National Bank of Hawaii et al., Civil Action No. 2540 (District of Hawaii, October 31, 1966); United States v. Crocker-Anglo National Bank et al., Civil Action No. 41,808, 263 F. Supp. 125, supra.

At the hearing on December 12, 1966, Justice also took the position that if the Court should grant the motion of the defendant banks and the intervenor, the Court should, in the exercise of its discretion, continue the statutory stay automatically entered when this suit was filed, taking the position that it was the sole purpose of Congress to halt all mergers after suit was filed until there has been a final determination on the merits. In this instance, it is the Department of Justice alone which has refused to proceed with trial on the merits of the case under BMA–66. I can read nowhere in the legislative history that it was the intention of the Congress of the United States to hold up mergers indefinitely pending determination of a Department of Justice theory. It appears throughout the legislative history that the Congress was concerned with the problems of divestiture as well as the tremendous expense to the applicant banks when mergers were unduly delayed, and that stay should be granted only when the Government, through the Department of Justice, in good faith proceeded promptly to a trial on the merits. This Justice refuses to do by its intransigent position of the applicability of Section 7 of the Clayton Act only. It is, therefore, the decision of this Court that it will not stay the merger, except for a relatively short time to permit Justice to take such further

2. Plaintiff's Pre-trial Brief (Docket Paper #16), page 28.

action as it sees fit. A time lag, even of the statutory time for appeal, at the present time, might destroy the efficacy of the merger because of mounting expense.

The Court, therefore, enters the following

### ORDER

And now, to wit, this 29th day of December, 1966, upon consideration of defendant banks' Motion for Final Judgment (Docket Paper #45), Motion of Intervenor for Final Judgment (Docket Paper #46), the entire record of the case, including briefs, hearings and arguments, it is ordered, adjudged and decreed:

1. That the complaint in this case be and it is hereby dismissed with prejudice;

2. That the statutory stay of the merger is lifted and the banks may merge at a time to be determined by them, but not earlier than January 18, 1967.