UNITED STATES of America, Plaintiff,

v.

CONSERVATION CHEMICAL COMPANY, Kansas City Power & Light Company and Mobay Chemical Company, Defendants.

No. 80–0883–CV–W–5.

United States District Court, W. D. Missouri, W. D.

Aug. 19, 1981.

Ronald S. Reed, Jr., U. S. Atty., Kenneth Josephson, Asst. U. S. Atty., Kansas City, Mo., for plaintiff.

Paul Anthony White, Kansas City, Mo., for defendant K. C. Power & Light.

Daniel Dibble, Lathrop, Koontz, Righter, Clagett, Parker & Norquist, Kansas City, Mo., for defendant Mobay Chemical.

William R. Williams, Vold, Sullivan, Finnegan, Gordon & Williams, Kansas City, Mo., for defendant Conservation Chemical.

## ORDER

SCOTT O. WRIGHT, District Judge.

The United States, as plaintiff, has filed suit against Conservation Chemical Company [hereinafter "C.C.C."], Mobay Chemical Company [hereinafter "Mobay"] and the Kansas City Power & Light Company [hereinafter "KCPL"] for injunctive relief concerning an imminent and substantial endangerment to human health and to the environment in accordance with Section 7003 of the Resource Conservation and Recovery Act. It alleges that this Court has jurisdiction over the subject matter of this suit under 28 U.S.C. § 1345, 42 U.S.C. § 6973 and 33 U.S.C. § 1364. As its complaint against C.C.C., the plaintiff charges that "the storage, treatment, handling and disposal of hazardous waste" on and from C.C. C.'s property present an "imminent and substantial endangerment to human health and the environment" in violation of Section 7003 of the Resource Conservation and Recovery Act, 42 U.S.C. § 6973. As its complaint against Mobay and KCPL, the plaintiff states that it has named the two as defendants so that it might enter their lands adjacent to C.C.C. to determine whether any hazardous wastes, purportedly created by C.C.C., are present and so that any possible remedies ordered by this Court can be fully implemented. The plaintiff has not made any allegations that Mobay or KCPL have violated any section of the Resource Conservation and Recovery Act.

Mobay and KCPL have filed motions to dismiss the plaintiff's suit against them on the grounds that this Court lacks subject matter jurisdiction over them within the meaning of Rule 12(b)(1) of the Federal Rules of Civil Procedure and that the plaintiff has not alleged a claim against Mobay or KCPL on which relief might be granted within the meaning of Rule 12(b)(6) of the Federal Rules of Civil Procedure. This Court finds that it does have subject matter jurisdiction with regard to the plaintiff's complaint against Mobay and KCPL, but that the plaintiff has failed to state a claim against Mobay or KCPL on which relief can be granted. However, before this Court will enter its order of dismissal, it grants the plaintiff leave to amend its complaint within twenty (20) days of the date of this order.

### Failure to State a Claim

As their second ground for dismissal, Mobay and KCPL state that the plaintiff's suit against them should be dismissed for failure to state a claim on which relief might be granted within the meaning of Rule 12(b)(6). The plaintiff has attempted to ground jurisdiction of its complaints against these two defendants under 28 U.S.C. § 1345, 42 U.S.C. § 6973 and 33 U.S.C. § 1364. The plaintiff has not alleged that Mobay or KCPL have violated any section of the Resource Conservation and Recovery Act, rather, it states that these two defendants have been named so that it might enter their lands, which are adjacent to the C.C.C. site, to determine whether wastes purportedly created by C.C.C. are present and so that any possible remedies ultimately provided by this Court might be fully implemented. The Court finds that it must dismiss the claims against Mobay and KCPL because the plaintiff's complaint does not allege that either of the two are "contributing" to the "handling, storage, treatment, transportation or disposal" of any hazardous waste as required by 42 U.S.C. § 6973, or "causing or contributing" to the "discharge of pollution" as required by 33 U.S.C. § 1364.

The plaintiff initially states that jurisdiction is proper under 28 U.S.C. § 1345. Section 1345 provides that this Court has original jurisdiction of all civil suits commenced by the United States. Though the plaintiff has jurisdiction within the meaning of Rule 12(b)(1) to bring this suit under 28 U.S.C. § 1345, the plaintiff must further allege a claim cognizable under either 42 U.S.C. § 6973 or 33 U.S.C. § 1364 in order to avoid dismissal under Rule 12(b)(6).

Section 6973 may only be invoked where a named defendant is allegedly "contributing" to the "handling, storage, treatment, transportation, or disposal" of hazardous wastes. 47 U.S.C. § 6973(a). Similarly, Section 1364 may only be invoked where a

named defendant is "causing or contributing" to the discharge of pollution. 33 U.S.C. § 1364(a). The plaintiff has not alleged that Mobay or KCPL are engaged in any activity which might violate either Section 6973 or Section 1364.

This Court cannot dismiss the plaintiff's suit against Mobay and KCPL merely because the plaintiff has failed to plead in detail the acts constituting its grounds for relief. However, the most liberal interpretation of the rules of pleading require, as an absolute minimum, that the pleading allege a violation of some applicable law or duty. *U. S. v. Mercantile Trust Co. Nat. Ass'n*, 263 F.Supp. 340, 343 (E.D.Mo.1966), *rev'd on other grounds per curiam*, 389 U.S. 27, 88 S.Ct. 106, 19 L.Ed.2d 28 (1967). The pleading must contain something more than a statement of facts which merely creates a suspicion that the pleader might have a right of action. *See generally* Wright & Miller, Federal Practice and Procedure § 1216 n. 94 (1976 & Supp.1981).

The cases cited by plaintiff in opposition to the motions to dismiss do not support its contentions. In the first case cited, *United States v. Hooker Chemical and Plastics Corp.*, No. 79–987, slip op. (W.D.N.Y.1980), the district court granted the defense motion to compel the joinder of four parties under Rule 19. Unlike the case at bar, each of the parties joined had physical control over land which was the subject matter of the litigation. There is no indication in the *Hooker* case that any of the parties opposed joinder on the ground that their land was merely adjacent to the offending site. The *Hooker* case does not support the plaintiff's contention that adjacent landowners may be named as parties to a suit against an offending landowner.

The second case cited by the plaintiff, *United States v. Ottati & Gross, Inc.*, No. 80–225, slip op. (D.N.H.1980), does not support the plaintiff's contentions; in fact, it compels the dismissal of the claims against Mobay and KCPL. In *Ottati*, the plaintiff specifically alleged that the defendants violated the Resource Conservation and Recovery Act by "contributing to the storage and disposal of . . . hazardous wastes" within the meaning of 42 U.S.C. § 6973. Because the claim in *Ottati* alleged a violation of the Act, the 12(b)(6) motion was properly denied. As previously stated, the plaintiff, in the case at bar, has not alleged that either Mobay or KCPL have violated any applicable law or duty. As a consequence, the motions to dismiss the complaint against Mobay and KCPL must be granted.

This Court finds that the plaintiff has failed to state a claim against either Mobay or KCPL for which relief might be granted. Before this Court will enter its order of dismissal, however, it grants the plaintiff leave to amend its complaint within twenty (20) days from the date of this order. Accordingly, it is hereby

ORDERED that the Mobay and KCPL's motions to dismiss are granted in the event that the plaintiff fails to amend its complaint within twenty (20) days of the date of this order.